# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-606V
### Filed: November 4, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \*     UNPUBLISHED

LEONARD KAZMIERSKI,     \*
                          \*     Special Master Hamilton-Fieldman
        Petitioner,     \*
                          \*     Decision on Attorneys' Fees and
v.                         \*     Costs; Reasonable Amount
                          \*     Requested to Which Respondent
SECRETARY OF HEALTH     \*     Does Not Object.
AND HUMAN SERVICES,     \*
                          \*
        Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mark Paul Schloegel, Popham Law Firm, Kansas City, MO, for Petitioner.
Lynn Ricciardella, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On August 23, 2013, Leonard Kazmierski ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on September 1, 2010. On October 30, 2014, the undersigned issued a decision awarding compensation to Petitioner.

On November 3, 2014, the parties filed a Stipulation of Attorneys' Fees and Costs. The parties have agreed to an award of $24,328.85 for attorneys' fees and costs incurred by Petitioner

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

and his counsel.  In accordance with General Order Number 9, Petitioner represents that he has not personally incurred any expenses in this case.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, the undersigned hereby awards the amount of $24,328.85, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mark Schloegel, of the Popham Law Firm, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.